MCGUIREWOODS LLP
TANYA L GREENE (SBN 267975)
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9879
Facsimile:  (213) 457-9899
E-mail: tgreene@mcguirewoods.com

Perry W. Miles IV (*Admitted Pro Hac Vice*)
Brian D. Schmalzbach (*Admitted Pro Hac Vice*)
Gateway Plaza, 800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile:  (804) 775-1061
E-Mail: pmiles@mcguirewoods.com
E-Mail: bschmalzbach@mcguirewoods.com

Abigail A. Golden (*Admitted Pro Hac Vice*)
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 373-8963
Facsimile:  (704) 353-6163
E-Mail: agolden@mcguirewoods.com

Attorney for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL GLASSBURG,<br><br>individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY,<br><br>            Defendant. | Case No. 2:21-cv-01333 ODW (MAAx)<br>[Hon. Otis D. Wright, II]<br><br>**STIPULATED PROTECTIVE ORDER** |

1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, personally identifiable information ("PII"), and other valuable research, development, commercially sensitive, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may consist of, among other things, confidential business strategy or

2

financial information, information regarding confidential business practices, or other confidential research, design, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under contractual agreements, non-disclosure agreements, policies, state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.     **DEFINITIONS**

Discovery in this action is likely

3.1.    <u>Action</u>:   This pending federal putative class action lawsuit. Counsel for Plaintiff also represents the plaintiffs in two other putative class actions based on allegations similar to those asserted in the Complaint filed in

this putative class action. *See Rodriguez et al. v. Ford Motor Company*, N.D. Ill., Case No. 1:21-cv-02553 ("*Rodriguez* Action"); *Davis et al. v. Ford Motor Company*, D. Mass., Case No. 1:21-cv-11474 ("*Davis* Action"). The parties have agreed to coordinate discovery in the *Rodriguez* and *Davis* Actions with this Action. The parties agree to the entry of this Stipulated Protective Order in the *Rodriguez* and *Davis* Actions absent any specific requirements or the local rules of the Courts in the *Rodriguez* and *Davis* Actions.

3.2.  Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.  "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained), documents and/or or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as described above in the Good Cause Statement, or under applicable law or contract.

3.4.  Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff to whom it is reasonably necessary to disclose the information for this action).

3.5.  Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4

3.6.   <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.   <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, provided no disclosure be made to an expert witness or consultant who is currently employed by a competitor of the Designating Party. This provision is intended to apply to a witness who qualifies as an expert under Federal Rule of Evidence 702 and serves as a testifying or consulting expert in this Action.

3.8.   "HIGHLY CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained), documents and/or tangible things that constitute highly confidential, proprietary or trade secret information requiring protection above and beyond those designated "CONFIDENTIAL", including, by way of example, extremely sensitive commercial, financial, future product or strategic planning, advanced product design or competitive information.

3.9     In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10.   Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, and includes support staff to whom it is reasonably necessary to disclose the information for this action.

3.12.   Party: Any party to this Action.

3.13.   Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14.   Professional Vendors: Persons or entities that provide litigationsupport services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, retrieving or producing data in any form or medium) and their employees and subcontractors.

3.15.   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

3.16.  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. <u>DESIGNATING PROTECTED MATERIAL</u>

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2. <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise agreed to by the parties or ordered by the Court, or in the case of an inadvertent or unintentional lack of designation of Protected Materials that is not otherwise waived,

8

Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, to each page that contains Protected Material.

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend

9

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, to each page that contains Protected Material.

(b)      For testimony given in depositions or other pre-trial testimony, that the Designating Party identify the Disclosure or Discovery Material  that contain Protected Material, including the pages and lines of the transcript, by written notice within fifteen (15) business days after receipt of the final transcript of such deposition or other pre-trial proceeding. However, before the fifteen (15) business day period expires, all testimony, exhibits and transcripts of deposition or other testimony shall be treated as Protected Material.

(c)      For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate.

6.3.   <u>Inadvertent Failure to Designate.</u>

If corrected, an inadvertent or unintentional failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon discovery of the inadvertent or unintentional failure to designate, the Designating Party will

10

promptly (no later than 14 days after discovery or 14 days after discovery that a document is publicly filed in this Court record) notify the Receiving Party.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

Inadvertent or unintentional production of Protected Materials that is corrected per the above procedure shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality. In the event that a Party produces a document without a confidentiality designation as permitted by this Stipulated Protective Order, the Designating Party shall promptly notify the other Party in writing and provide a replacement image for the document and an overlay with the new confidentiality designation. The Receiving Party shall promptly certify destruction of the improperly designated document, including all copies thereof. Under the foregoing circumstances, the production of such document does not constitute a waiver of any claim of confidentiality as set forth in this Stipulated Protective Order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

## 7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 7.1.  Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 7.2.  Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").

### 7.3.  Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to an Order to Show Cause. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge (including any appellate proceedings).

**8.** **ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Outside counsel of record's signature shall be binding on its employees;

13

(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided the Receiving Party shall notify the Designating Party;

(h)     Provided the Receiving Party shall notify the Designating Party of its general intent to use Protected Material during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii)

14

the witness will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     The Court and its personnel;

(d)     Court reporters and their staff; and

15

(e)     Any other person with the prior written consent of the Designating Party or permitted by the Court, provided such person signs the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.4     Retention of Executed "Acknowledgement and Agreement to be Bound".

The Receiving Party shall retain each such executed "Acknowledgment and Agreement to Be Bound" and shall keep a list identifying (A) all persons described in paragraphs 8.2(a), (b), (c), (f), (h), and (i) and 8.3(a), (b) and (e) above to whom Protected Materials have been disclosed, and (b) all Protected Materials disclosed to such persons. After final disposition of these Actions, the Receiving Party shall produce each such executed "Acknowledgement and Agreement to Be Bound" and list to the Designating Party.

9.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order no later than thirty (30) days following the parties meet and confer during which they were unable to resolve the dispute, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### 10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as

17

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the Nonparty's information that has been requested available for inspection by the Nonparty.

10.3. <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within twenty-one (21) days after receiving the notice and accompanying

18

information, the Receiving Party may produce the Nonparty's confidential

information responsive to the discovery request.  If the Nonparty seeks a

protective order within twenty-one (21) days after receiving the notice and

accompanying information, the Receiving Party in receipt of the discovery

request(s) shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Nonparty before a

determination by the Court.  Absent a court order to the contrary, the

Nonparty shall bear the burden and expense of seeking protection in this

Court of its Protected Material.

**11.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not

authorized under this Stipulated Protective Order, the Receiving Party

immediately must (1) notify in writing the Designating Party of the

unauthorized disclosures, (2) use its best efforts to retrieve, and return, destroy

or delete, all unauthorized copies of the Protected Material, (3) inform the

person or persons to whom unauthorized disclosures were made of all the

terms of this Stipulated Protective Order, and (4) request such person or

persons to execute the "Acknowledgment and Agreement to be Bound"

(Exhibit A).

**12.** <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**</u>
<u>**PROTECTED MATERIAL**</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently or unintentionally produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court. In that regard, this Stipulated Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d).  If a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection or any other applicable privilege ("Identified Materials"), the disclosure of the Identified Materials shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the

20

Identified Materials and its subject matter in this proceeding or in any other federal or state proceeding.

## 13.    **MISCELLANEOUS**

13.1. Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3. Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and any other applicable rules for filing materials under seal.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.**   **FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**15.**   **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 13, 2022                    MCGUIREWOODS LLP

By: /s/ Tanya L. Greene
Tanya L. Greene
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9879
Facsimile:  (213) 457-9899
E-mail: tgreene@mcguirewoods.com

and

Perry W. Miles IV (*Admitted Pro Hac Vice*)
Brian D. Schmalzbach (*Admitted Pro Hac Vice*)
Gateway Plaza, 800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile:  (804) 775-1061
E-Mail: pmiles@mcguirewoods.com
E-Mail: bschmalzbach@mcguirewoods.com

and

Abigail A. Golden (*Admitted Pro Hac Vice*)
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 373-8963
Facsimile:  (704) 353-6163
E-Mail: agolden@mcguirewoods.com

and

BOWMAN AND BROOKE LLP
Shannon L.H. Phillips (*Admitted Pro Hac Vice*)
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, Michigan 48301
Telephone: (248) 205-3300
E-Mail: shannon.phillips@bowmanandbrooke.com

*Attorney for Defendant Ford Motor Company*

23

Dated: April 13, 2022                    AHDOOT & WOLFSON, P.C.

By: /s/ Tina Wolfson
    Tina Wolfson (SBN 174806)
    Robert R. Ahdoot (SBN 172098)
    2600 W. Olive Avenue, Suite 500
    Burbank, California 91505-4521
    Telephone: (310) 474-9111
    E-Mail: *twolfson@ahdootwolfson.com*
    E-Mail: *rahdoot@ahdootwolfson.com*

and

Andrew W. Ferich (*Pro Hac Vice*)
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Telephone: (310) 474-9111
E-Mail: *aferich@ahdootwolfson.com*

and

BARNOW AND ASSOCIATES, P.C.
Ben Barnow (*Pro Hac Vice*)
Anthony L. Parkhill (*Pro Hac Vice*)
205 W. Randolph Street, Suite 1630
Chicago, Illinois 60606
Telephone: (312) 621-2000
E-Mail: *b.barnow@barnowlaw.com*
E-Mail: *aparkhill@barnowlaw.com*

*Attorneys for Plaintiffs and the Putative Class*

24

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _April 15, 2022_     _____

Honorable Maria A. Audero
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [insert name], of

_____ [insert address], declare under penalty of perjury

that I have read in its entirety the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on

_____ [insert date] in the case of *Glassburg v. Ford Motor*

*Company*, Case No. 2:21-cv-01333 ODW (MAAx).  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Stipulated

Protective Order.  I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action. I hereby appoint

_____ [insert name] of

_____ [address and telephone number] as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

_____
[Signature]

_____
[Printed Name]

_____
[Date]

_____
[City/State where Sworn/Signed]

26

**ATTESTATION OF SIGNATURE**

As required by Local Rule 5-4.3.4(a)(2)(i), I, the undersigned, hereby attest that each signatory has concurred in the filing of this document and has authorized the filing with his or her signature block.

/s/ *Tanya L. Greene*

Tanya L. Greene

27

STIPULATED PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022 a copy of foregoing STIPULATED

PROTECTIVE ORDER was filed electronically.  Notice of this filing will be sent

by operation of the Court's electronic filing system to all parties indicated on the

electronic filing receipt.


　　　　　　　　　　　　　　/s/ *Tanya L. Greene*
　　　　　　　　　　　　　　Tanya L. Greene